■ In the Matter of the Claim of VIRGINIA E. HAUGEN, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. In the Matter of the Claim of DORIS V. BEILBY, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeals from a decision of the Unemployment Insurance Appeal Board, filed August 9, 1979. Claimants were factory workers employed on a temporary basis. The employer's assistant industrial relations manager testified that it was the employer's policy that after a temporary employee has been employed for six months he will be offered permanent employment if his record is good and if continued employment is available. The employee, however, must switch to a different shift. She also testified that permanent employment on a different shift was offered to claimants after they had worked six months on a temporary basis, but they refused the offer. Both claimants testified that they were not offered employment on a different shift and believed that they were being laid off. They also testified that they did not ask if employment was available on a different shift. When filing for benefits, both claimants stated that they were laid off. By initial determinations both claimants were disqualified from receiving benefits, effective February 15, 1979, on the grounds that they voluntarily left their employment without good cause. It was also determined that claimant Haugen received an overpayment of $85 and claimant Beilby received an overpayment of $111.25, both overpayments being deemed recoverable. The referee sustained these initial determinations. The board, by decision dated June 13, 1979, affirmed the decision of the referee. In a decision filed August 9, 1979 the board reopened and reconsidered its decision of June 13, 1979, adhering to it except to find that claimants stated on their original claim that they had lost their employment because of "lay off" and they did not state that the lay off was due to lack of work. The board did not explicitly find that claimants had been offered permanent employment on a different shift but instead found that they knew, or reasonably should have known, that they could have continued their employment had they elected to seek a different shift. It appears from the record, however, that temporary employees are not automatically given permanent employment after six months. According to the employer's witness, a temporary employee is only offered a permanent position if his record is good and continued employment is available. Not having found that claimants were offered permanent positions, the board, in our view, lacked the basis to conclude that claimants voluntarily left their employment without good cause. It is the opinion of this court that there is a lack of substantial evidence to support the determination of the board. Nor is there substantial evidence to support a finding that claimants willfully misrepresented to obtain benefits by stating on the original claims that they were laid off. Consequently, the decision of the board must be reversed and the matter remitted for further proceedings. *Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith.* Greenblott, J. P., Sweeney, Kane, Main and Mikoll, JJ., concur.